Castro v Yakobashvilli (2020 NY Slip Op 05281)





Castro v Yakobashvilli


2020 NY Slip Op 05281


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 24069/2013 Appeal No. 11931 Case No. 2020-00442 

[*1]Awilda Castro, Plaintiff-Respondent,
v
Guram Yakobashvilli, D.D.S., Defendant-Appellant.


Rawle & Henderson LLP, New York (William S. Spiegel of counsel), for appellant.
Becker & D'Agostino, PC, New York (Michael D'Agostino of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 27, 2019, which, to the extent appealed from as limited by the briefs, upon reargument denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion for summary judgment dismissing all claims insofar as they relate to tooth number 28, and otherwise affirmed, without costs.
Defendant's motion for summary judgment was properly denied as to the dental malpractice claim. Although defendant's expert affidavit was sufficient to meet his prima facie burden, plaintiff's expert affidavit was sufficient to raise issues of fact. Plaintiff's expert opined that teeth numbers 5, 6, 10, 11, 20, and 29 could have been saved; that it was a departure from the standard of care to extract these teeth without referring plaintiff to a periodontist and/or exhausting other treatment options; and that this departure proximately caused plaintiff to lose these teeth. Even assuming, as defendant claims, that plaintiff would still have had to undergo future dental work had these six teeth been saved, and that any disfigurement was not fairly attributable to defendant because plaintiff opted to have another dentist install her dentures, these facts do not negate the primary injury claimed by plaintiff — the unnecessary loss of these teeth. It is immaterial that plaintiff's expert did not indicate that he or she had reviewed plaintiff or her husband's deposition testimony, as review of these documents was not necessary to make an informed determination about the appropriateness of treatment.
Defendant's motion for summary judgment was also properly denied as to the lack of informed consent claim. Defendant submitted evidence that he discussed the risks of and alternatives to extraction with plaintiff, but plaintiff and her husband gave conflicting testimony and defendant's contemporaneous notes did not specify which risks and alternatives were discussed. Moreover, although defendant's expert opined that defendant's discussion of risks and alternatives was appropriate and that a reasonable, informed person would still have proceeded with the extractions, plaintiff's expert offered the conflicting opinion that defendant's apparent failure to discuss periodontal scaling and root planning was improper and that a reasonable, informed person would have chosen this option instead, which was not necessarily cost-prohibitive.
However, defendant's motion for summary judgment should have been granted insofar as plaintiff's claims are directed at tooth number 28, because plaintiff's expert failed to raise an issue of fact regarding a departure of care with respect to this tooth. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020